# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 16-01145-HB |
| | Chapter 7 |
| Annzala L Pitt, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** comes before the Court on Annzala L. Pitt's correspondence and request to reopen her Chapter 7 case, filed on June 27, 2016.[1] Even though the case docket indicates Pitt is represented by counsel, she filed the correspondence and request *pro se*.

Pitt filed a voluntary petition for Chapter 7 relief and schedules and statements in support on March 8, 2016. Pitt's schedules indicate she owns a home located at 2921 Cliffside Drive, Columbia, South Carolina 29209 ("Cliffside Drive Property"), encumbered by a mortgage. Pitt indicated on her Statement of Intention she was current with her payments and intended to retain the Cliffside Drive Property but did not indicate that she would execute a reaffirmation agreement.[2] Pitt signed the schedules and statements under penalty of perjury indicating that the information is true and correct. The meeting of creditors was held on April 15, 2016, pursuant to 11 U.S.C. § 341[3] and the Chapter 7 Trustee subsequently filed a Report of No Distribution. The Court entered an Order on June 15, 2016, granting Pitt a discharge pursuant to § 727 and closing Pitt's case.

---

[1] ECF No. 13.

[2] *See In re Waller*, 394 B.R. 111, 113 (Bankr. D.S.C. 2008). This course of action is commonly referred to as a "ride-through" option. *Id.* The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 made changes to the "ride-through" option as it relates to personal property only and did not affect the viability of the "ride-through" option for debts secured by real property. *Id.*; *see also In re Wilson*, 372 B.R. 816, 820 (Bankr. D.S.C. 2007).

[3] Further reference to the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*, will be by section number only.

Pitt now seeks to reopen her case to reaffirm the mortgage debt. No reaffirmation agreement has been presented to the Court for consideration. Pursuant to Fed. R. Bankr. P. 4008(a), which requires a reaffirmation agreement to be filed no later than sixty days after the first date set for the meeting of creditors, the deadline to reaffirm a debt has passed without extension.

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a case is within the bankruptcy court's discretion. *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D.W. Va. 2006). When determining whether to reopen a case, courts should first determine whether one of the three grounds set forth in § 350(b) exist. *Id.* The burden of proof is on the moving party. *In re Pinks*, C/A No. 12-00317-dd, slip op. (Bankr. D.S.C. Jan. 21, 2015).

On the facts in this record, the Court cannot find that adequate cause has been shown by Pitt to reopen her case. The reason given for her request is inconsistent with her sworn schedules and statements, her case has been fully administered and closed, no timely reaffirmation agreement has been presented to the Court, and the time period for such agreements has passed.

**IT IS, THEREFORE, ORDERED** that the relief requested in Pitt's correspondence is **denied**.

**FILED BY THE COURT**
**07/05/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 07/05/2016